**UNITED STATES of America**

v.

**Daniel Eli COMAROVSCHI, Defendant.**

**No. CRIM.A.3:03 CR 00127.**

United States District Court, W.D. Virginia, Charlottesville Division.

March 15, 2005.

Alan Silber, Dana Mary Slater, Silber & Slater, Charlottesville, VA, for Defendant.

Timothy J. Heaphy, United States Attorneys Office, Charlottesville, VA, for Plaintiff.

## *MEMORANDUM OPINION*

MICHAEL, Senior District Judge.

On January 15, 2005, the defendant, Daniel Comarovschi, filed a Motion for Order Amending Sentence, requesting that the court reduce his sentence to a period of time served plus probation. The court heard oral argument on this motion on February 22, 2005. The court has determined that it has no authority to reopen the sentence in this case because a final judgment has already been entered and the time for appeal has expired. Therefore, the defendant's motion must be denied.

## I. Procedural History

On May 19, 2004, the defendant pled guilty to possession with intent to distribute marijuana, possession of a firearm by an unlawful user of a controlled substance, and simple possession of powder cocaine. On September 9, 2004, the court found that the defendant qualified under 18 U.S.C. § 3553(f) to be sentenced without regard to the statutory minimum sentence of five years. The court then sentenced the defendant to twenty-four months imprisonment, the low end of the applicable United States Sentencing Guideline range. At the sentencing hearing, the court stated that a sentence of pure probation was a more appropriate sentence on the facts of this case, but that the court was bound to impose a sentence within the guidelines. The defendant never filed an appeal, and the judgment became final in early October 2004, ten days after its entry.

## II. Defendant's Arguments in Support of his Motion

The defendant filed the instant motion to amend his sentence on January 15, 2005. The defendant argues that he should be resentenced in accordance with the Supreme Court's recent decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The defendant asserts that the district court has authority to amend his sentence under *United States v. Hammoud*, 381 F.3d 316 (4th Cir.2004).

In *Hammoud*, the Fourth Circuit considered a challenge to the federal sentencing guidelines based on *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which held that Washington state's sentencing guidelines violated the Sixth Amendment. The Fourth Circuit found that the federal guidelines were constitutional, but instructed district courts to impose an alternate sentence treating the guidelines as advisory only, in order to "serve judicial economy in the event that the Supreme Court concludes that *Blakely* significantly impacts guidelines sentencing." *Hammoud*, 381 F.3d at 353. The Fourth Circuit noted that "[w]hile a new hearing may have to be convened in order to impose the previously determined and announced non-guidelines sentence, we anticipate that the district court and the parties will need to spend far less time preparing because the issues will have already been resolved." *Id.* at 353–54. The defendant argues that, because this part of the *Hammoud* decision does not mention that a defendant would have to file an appeal to preserve a potential *Blakely* claim, the Fourth Circuit must have intended that defendants sentenced after *Hammoud* could be resentenced if the Supreme Court invalidated the guidelines, even if they did not appeal and their cases were closed. According to the defendant, *Hammoud* carved out a special category of defendants—those who were sentenced after *Hammoud* was decided on August 2, 2004 and before *Booker* was decided on January 12, 2004—who were not required to file an appeal to challenge their sentence on *Blakely* grounds. In addition, the defendant argues that the Fourth Circuit's basis for requiring alternate sentencing—judicial economy—would not be served if the court required a defendant sentenced during that time to file an appeal to preserve his *Blakely* claim. The defendant reasons that requiring these defendants to appeal would cost money and use up valuable judicial resources, thereby undermining the purpose of *Hammoud*.

Finally, the defendant notes that the Fourth Circuit recently found that a sentence that was imposed under the old mandatory guidelines regime and then appealed should be remanded to the district court for resentencing because it constitut-

ed plain error. *United States v. Hughes,* 396 F.3d 374, 378 (4th Cir.2005). The *Hughes* court noted that "to leave standing this sentence imposed under the mandatory guideline regime, we have no doubt, is to place in jeopardy the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal citations and quotations omitted). Comarovschi argues that this language lends further support to the notion that his case should be reopened so that he can be resentenced.

### III. The Government's Position

The government argues that the court does not have the authority to amend the defendant's sentence because this matter is neither a motion under Federal Rule of Criminal Procedure 35, nor is it a petition under 28 U.S.C. § 2255. Finally, the government points out that the rule announced in *Booker* was not made retroactive by the Supreme Court and only applies to cases on direct review.

### IV. Discussion

 The court agrees with the government that it has no authority to amend the defendant's sentence in this case. *Booker* is inapplicable to this case because it only applies to cases pending on direct review. ── U.S. at ──, 125 S.Ct. at 769 ("we must apply today's holdings... to all cases on direct review.") Because the defendant never appealed his sentence, it was not pending on direct review at the time of *Booker,* and his conviction is now final.

Moreover, Fed.R.Crim.P. 35 only allows for a sentence to be corrected or reduced in two situations: (1) if the sentence was the result of "arithmetical, technical, or other clear error," it can be corrected "within 7 days after sentencing," and (2) upon a motion for substantial assistance made by the government. Rule 35 does not provide the court with the ability to correct or reduce the defendant's sentence here.

Finally, the court disagrees with the defendant's interpretation of *Hammoud* and does not believe that the Fourth Circuit has carved out any special category of closed cases that can be reopened after *Booker.* *Hammoud* required district courts to impose alternate sentences so that, if those cases were appealed and if the guidelines were ruled unconstitutional, the district courts would not have to hold a hearing, make factual findings, and listen to argument from both sides all over again on the issue of sentencing for all defendants who had an appeal pending. This is the kind of judicial waste of resources that the Fourth Circuit was trying to prevent in *Hammoud.* The *Hammoud* decision does not say anything about waiving the requirement of appeal in a special category of cases, as the defendant suggests here. If the Fourth Circuit were going to make such a sweeping exception to the basic judicial rule of finality of judgments, then it would have explicitly done so. This court will not read such an extraordinary exception into the silence of the *Hammoud* decision on the issue of the appeal requirement. In fact, a more plausible reading of *Hammoud* is that the Fourth Circuit did not mention that a defendant is required to appeal his sentence to keep it open to judicial review because that requirement was well established and plainly obvious.

In addition, nothing in the *Hughes* decision, which found that sentences imposed in violation of *Booker* were the result of plain error, implies that a defendant sentenced before *Booker* did not have to file an appeal to preserve his Sixth Amendment claim. While the *Hughes* court recognized the constitutional error present in sentences imposed under the old regime, Hughes' case was on direct appeal and

therefore could easily be remanded for re-sentencing. *Hughes* says nothing about reopening closed cases that have already become final.

## V. Remaining Issues

The court will not construe the defendant's motion as a petition under 28 U.S.C. § 2255 because the defendant's attorneys stated in their February 22, 2005 letter to the court that their motion was not intended to be a § 2255 petition. Therefore, this court declines to reach the issues of the validity and scope of the defendant's waivers of his rights to appeal and collaterally attack his judgment that are contained in his plea agreement, because these issues only become relevant if the defendant files a § 2255 petition.[1]

Moreover, the court declines to announce an alternate sentence for the defendant in the event that the Fourth Circuit reverses this court's decision. If the Fourth Circuit remands this case back to this court for resentencing, the court will hold a hearing and listen to argument from both the defense and the government at that time.

An appropriate order this day will issue.

### ORDER

For the reasons set forth in the accompanying memorandum opinion, it is hereby

### ADJUDGED AND ORDERED

that the defendant's Motion for Order Amending Sentence shall be and hereby is DENIED.

The Clerk is directed to sent certified copies of this order and accompanying memorandum opinion to all counsel of record.

---

1. The court notes that if the defendant raises his *Booker* claim in a § 2255 motion, his chances of success are small considering that several courts have already found that *Booker* does not apply retroactively to cases on collateral review. *See, e.g., McReynolds v. United States,* 397 F.3d 479 (7th Cir.2005).